<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARKADI MERKIN and MARINA BELAYA : : : : Plaintiff, : : v. : : ALBERTO R. GONZALEZ, Attorney General of the United States, Michael Chertoff, Secretary of the Department of Homeland Security (DHS), Emilio T. Gonzalez, Director of United States Citizenship Immigration Services (USCIS), Andrea J. Quarantillo, District Director USCIS, Newark, New Jersey, Robert S. Mueller, III, in his capacity as Director of the Federal Bureau of Investigation (FBI), : : : : : : : : : : : Defendants. : | Civil Action No. 06-6027(SDW)  **OPINION and ORDER**  July 13, 2007 |

**WIGENTON,** District Judge.

Plaintiffs Arkadi Merkin and Marina Belaya, husband and wife, filed this civil action seeking to expedite the adjudication of their naturalization applications. Defendants have filed a Motion to Dismiss or Remand. The Court, having considered the parties' submissions and having decided the motions without oral argument pursuant to Fed. R. Civ. P. 78, and for the reasons set forth below, denies Defendants' Motion to Dismiss and Grants Remand of this matter to CIS with instructions.

**DISCUSSION**

A lawful permanent alien is eligible for naturalization as a United States citizen if he (1) satisfies the five-year statutory residency requirement; (2) has resided continuously in the United States from the date of application to the time of admission as a citizen; and (3) is of good moral character. 8 U.S.C. §1427(a).  To become a citizen, the applicant must file an application for naturalization (Form N-400). 8 U.S.C. §1445(a); 8 C.F.R §334.2.  Citizen Immigration Services ("CIS") must then conduct a background investigation, including a review of all pertinent immigration and police records and a neighborhood investigation.  8 U.S.C. §1446(a); 8 C.F.R. §335.1.  Lastly, the applicant must be interviewed by an examiner. 8 U.S.C. §1446(d).  During this interview the applicant must successfully complete testing with regard to the statutory requirements of English proficiency and knowledge of United States history and government.  8 U.S.C. §1423(a).  Significant is that CIS has adopted a regulation requiring that an initial examination on an applicant's naturalization application occur **only after** CIS has received a definite response from the FBI that a full criminal background check, called the name check ("check"), has been completed.  8 C.F.R. §335.2(b).

Plaintiffs both became lawful permanent residents on April 12, 2001 and applied for U.S. citizenship on January 17, 2006.  They were interviewed and passed their examinations on June 6, 2006 but are awaiting final determination of their applications because their checks have not been completed.  Plaintiffs argue that Defendants have violated  8 U.S.C. §1447(b) because more than 120 days have lapsed since their examinations and no adjudication has been made as to their applications.  The relevant statute provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States

> district court . . . for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. §1447(b).

Defendants argue this Court lacks subject matter jurisdiction to hear this matter because the performance of the checks have no statutory time requirement and that all stages of the application process must be complete to trigger the 120 day period .  In the alternative, Defendants seek remand so that the check may be completed.   These arguments were recently addressed by the Honorable Stanley R. Chesler, U.S.D.J., in <u>Kheridden v. Chertoff, et. al.</u>, Slip Copy 2007 WL 674707 (D.N.J.).

Whether this Court has jurisdiction over this matter depends on the statutory meaning of the term "examination", as used in 8 U.S.C. §1447(b).  Plaintiffs argue that this Court has subject matter  jurisdiction because the June 2006 interview constituted that examination and more than 120 days have passed since that time.  Defendants argue the term "examination" refers to an ongoing process and is not triggered until the check is complete.  This Court is unpersuaded by Defendants' arguments and finds that "examination" refers to a specific event, the applicant's interview with CIS, rather than the ongoing process.  Most districts addressing this issue have so concluded.  <u>Kheridden</u>, <u>supra</u>, at 3 (citations omitted).  Since over 120 days have elapsed since Plaintiffs' June 6, 2006, examinations, this Court has subject matter jurisdiction over the issues raised in Plaintiffs Complaint.  Therefore, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

Pursuant to §1447(b), this Court may either determine the matter of naturalization or remand the matter to CIS with instructions as to proceeding forward.  8 U.S.C. 1447(b).  Plaintiffs request this Court adjudicate their naturalization applications.  Defendants have argued

3

that this Court should decline to do so and remand to CIS with no instructions. This Court will not adjudicate Plaintiffs' applications, as the FBI checks have not been completed. This component is an integral part of the process of naturalization and against the backdrop of a post 9/11 era, necessary. The check is also statutorily required, pursuant to 8 U.S.C. §1446(a). This Court is not equipped to conduct such a check and to adjudicate the application without this integral component would be contrary law. Nevertheless, this Court is concerned that this process is being delayed by the failure to conduct the check, as Plaintiffs' applications have been pending 13 months since their examinations. While this is not 3 years as in <u>Kheridden</u>, <u>supra</u>, the delay makes a remand with instructions warranted. Therefore, at this juncture, this Court will remand this matter to CIS with instructions to use its best efforts to determine the status of Plaintiffs' checks and expedite this process. Once CIS receives the results of the check, it is directed to make a decision on Plaintiffs' applications as expeditiously as possible, but no later than 60 days after receipt of the check results. This Court will retain jurisdiction to consider alternative remedies shall these efforts prove fruitless.

## **CONCLUSION**

For all the reasons set forth above, this Court Denies Defendants' Motion to Dismiss and Remands this matter to CIS for completion of the FBI check.

**SO ORDERED.**

s/Susan D. Wigenton, U.S.D.J.